992 F.2d 1219
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard Lee CARMICHAEL, Plaintiff-Appellant,
v.
Chase RIVELAND; et al., Defendants-Appellees.
 No. 92-36515.
 United States Court of Appeals, Ninth Circuit.
 Submitted April 27, 1993.*
Decided May 4, 1993.
 
 1
 Before BROWNING, KOZINSKI and RYMER Circuit Judges.
 
 
 2
 MEMORANDUM**
 
 
 3
 Richard Lee Carmichael, a Washington state prisoner, appeals pro se the district court's order denying his motion for partial summary judgment and motion for a preliminary injunction. Carmichael alleged that his placement in an administrative segregation unit amounts to cruel and unusual punishment and that appellees conducted meaningless due process hearings and, therefore, arbitrarily retained him in administrative segregation. We have jurisdiction pursuant to 28 U.S.C. § 1292(a)(1), and we dismiss in part and affirm in part.
 
 
 4
 The denial of a motion for partial summary judgment is not a final order and, therefore, is not appealable. Oppenheimer v. Los Angeles Flood Control Dist., 453 F.2d 895 (9th Cir.1972) (per curiam).
 
 
 5
 Here, Carmichael appeals the denial of his motion for partial summary judgment. The district court did not certify the denial of Carmichael's motion for partial summary judgment for appeal pursuant to 28 U.S.C. § 1292(b). Thus, we do not have jurisdiction over such an appeal. See Oppenheimer, 453 F.2d at 895.
 
 
 6
 Carmichael argued that he will prevail on the merits of his claim and that he continues to suffer extreme mental and physical deterioration while in administrative segregation. Carmichael argued that he was entitled to a preliminary injunction directing his transfer to the federal prison system.
 
 
 7
 The denial of a preliminary injunction can be reversed only if the district court abused its discretion or based its decision on an erroneous legal standard or on clearly erroneous factual findings. Religious Tech. Ctr., Church of Scientology Int'l, Inc. v. Scott, 869 F.2d 1306, 1309 (9th Cir.1989). Generally, to obtain a preliminary injunction, the moving party must show either (1) a combination of probable success on the merits and the possibility of irreparable injury or (2) that serious questions are raised and the balance of hardships tips in its favor. Chalk v. United States Dist. Ct. Cent. Dist. of Calif., 840 F.2d 701, 704 (9th Cir.1988).
 
 
 8
 "After incarceration, only the unnecessary and wanton infliction of pain ... constitutes cruel and unusual punishment forbidden by the Eight Amendment. To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoners' interest or safety." Whitely v. Albers, 475 U.S. 312, 319 (1986). Prisoners challenging the conditions of their confinement under the eighth amendment must show "deliberate indifference" by the responsible officials. Wilson v. Seiter, 111 S.Ct. 2321, 2326-27 (1991). "The Eighth Amendment standard for conditions in isolation, segregation, and protective custody are not different from standards applying to the general population. Prison officials may not deprive prisoners of the basic necessities of life protected by the Eighth Amendment by placing them in different forms of detention." Hoptowit v. Ray, 682 F.2d 1237, 1258 (9th Cir.1982).
 
 
 9
 Here, Carmichael alleged that his confinement in segregation for over two years has caused sensory deprivation. Carmichael alleged that he is alone 24 hours a day and has no opportunity for socialization, human contact, or mental and emotional stimulation. Carmichael alleged that prolonged sensory deprivation has caused psychotic behavior, depression, and medical problems. In support of his motion for a preliminary injunction, Carmichael proffered his affidavit which supported his contention that his continued confinement in segregation is causing severe medical and psychological trauma.
 
 
 10
 In response to Carmichael's motion, appellees proffered a copy of a mental health evaluation completed on Carmichael. While the evaluation was conducted after only seven months in administrative segregation, it did not indicate that Carmichael was suffering because of his placement. The district court found that "there is no medical or psychological evidence presented at this time indicating plaintiff is suffering from any type of condition which will be exacerbated by his continued confinement [in segregation]."
 
 
 11
 Because the record contained evidence from which the district court could find that Carmichael will not suffer irreparable harm due to his continued confinement in administrative segregation, the district court did not abuse its discretion in denying Carmichael's motion for a preliminary injunction on this claim. See Religious Tech. Ctr., 869 F.2d at 1309.
 
 
 12
 The Due Process Clause does not create a liberty interest in remaining in the general population of a prison. Hewitt v. Helms, 459 U.S. 460, 466-68 (1983). State law, however, may create a protected liberty interest in remaining in the general population if it places substantive limits on official discretion. Id. at 470-72. If a liberty interest exists, the Due Process Clause requires only an informal nonadversary review of evidence in order to confine an inmate feared to be a threat to institutional security to administrative segregation. Id. at 474. An inmate must merely receive some notice of the charges against him and an opportunity to present his views to the prison official. Id. at 476. Prison officials must conduct periodic review of their decision to segregate prisoners. Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir.1990).
 
 
 13
 Here, Carmichael alleged that he has a state-created liberty interest in remaining in the general population. While Carmichael admits that he was given adequate due process hearings, he argues that the hearings are meaningless because defendants arbitrarily refuse to transfer him out of administrative segregation. Carmichael argues that after each hearing the hearing officer recommended that he be retained in administrative segregation and eventually transferred to an out-of-state facility. Carmichael argues that Secretary Riveland arbitrarily overruled these recommendations.
 
 
 14
 Appellees demonstrated, as did the evidence presented by Carmichael, that Riveland overruled the out-of-state placement recommendation because of Carmichael's past negative out-of-state placements and history of infractions. Riveland found that Carmichael's current infraction-free conduct was not sufficient to approve an out-of-state transfer.
 
 
 15
 The district court found: "Carmichael's status had been subject to periodic review and he has had an opportunity to dispute the information which has been relied upon to keep him in segregation. And although Secretary Riveland has overruled the recommendations of others, he has offered his own analysis and reasoning to support his decision to reject the plaintiff's request for an out-of-state transfer."
 
 
 16
 The evidence presented by Carmichael and appellees support the conclusion that Carmichael was afforded the minimum requirements of procedural due process and that the decision to retain Carmichael in administrative segregation is within Riveland's broad decision-making authority. See Hewitt, 459 U.S. at 474. Thus, the district court's findings are not clearly erroneous.
 
 
 17
 Because Carmichael was afforded the minimum requirements of procedural due process, he has failed to demonstrate a probable success on the merits. Therefore, the district court did not abuse its discretion in denying Carmichael's motion for a preliminary injunction on this claim. See Religious Tech. Ctr., 869 F.2d at 1309.
 
 
 18
 Accordingly, Carmichael's appeal of the district court's denial of his motion for partial summary judgment is dismissed, and we affirm the district court's denial of Carmichael's motion for a preliminary injunction.[1]
 
 
 19
 DISMISSED IN PART and AFFIRMED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. We construe Carmichael's "Oral Argument Statement" as a request for oral argument and a request for appointment of counsel and deny the requests
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In their brief, appellees argued that Carmichael's supplemental brief should be stricken because it was filed by Ray Donald Pratt, another inmate. We construe this as a motion to strike the brief and deny the motion